# IN THE COURT OF APPEALS OF IOWA

No. 16-1804
Filed December 21, 2016

**IN THE INTEREST OF P.D. and K.D.,**
**Minor children,**

**B.D., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Woodbury County, Julie A.

Schumacher, District Associate Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        Daniel P. Vakulskas of Vakulskas Law Firm PC, Sioux City, for appellant

mother.

        Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant

Attorney General, for appellee State.

        Marchelle  M. Denker, Sioux City, guardian ad litem for minor children.


        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her children, born in 2010 and 2012. The factual details are set forth in a prior opinion reversing a termination decision involving the same two children and remanding for further proceedings. *See In re P.D.*, No. 15-0761, 2015 WL 5577345, at *1-2 (Iowa Ct. App. Sept. 23, 2015). We will not repeat those facts here.

On remand, the district court denied the mother's motion for immediate visits with the children and left visits to the discretion of the department of human services. The department scheduled a single visit. Present during the visit was the older child's therapist.[1] She described the older child's reaction to her mother as "curious" and "kind of standoffish." The younger child "avoided" making eye contact with the mother and avoided her physically by "ke[eping] her back to her."

After the visit, the older child "began to regress with wetting her pants." She reverted to "meltdowns, distract[ion], cling[iness], and nightmares." The younger child also had adverse reactions. The therapist recommended against further visits. The therapist spoke to the mother about her recommendation and reported the mother "did not want to further disrupt [the children's] lives." No additional visits took place.

The court subsequently held a permanency hearing. Following the hearing, the court directed the State to file a second termination-of-parental-rights petition. The State did so and, after a hearing on the petition, the court again terminated the mother's parental rights to the children.

---

[1] The therapist later began seeing the younger child as well.

On appeal, the mother (1) challenges the grounds for termination cited by the district court and (2) contends termination was not in the children's best interests.

**I.** The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1) (d), (f), and (i) (2015). We may affirm if we find clear and convincing evidence to support any of the grounds cited by the court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The record supports termination under Iowa Code section 232.116(1)(f), which requires proof of several elements, including proof the children cannot be returned to the parent's custody.

The mother recognized the trauma the children would experience with an immediate move to her home. When asked whether the children could be returned immediately, she responded, "I would love to have them back, but I know it's not . . . realistic . . . to have them completely back. It has to take time. It's not going to be easy." She reiterated, "I don't want to immediately be like, yes, I want them back home, because that is not realistic." And, she said "I wouldn't expect them to be placed with me at this time . . . like I said before, that's not realistic." When asked why it was not realistic to have the children returned to her home immediately, she stated, "I believe it would cause more harm than good, and I don't want that to happen."

The mother's therapist testified that, while she had seen positive changes in the mother, she could not express an opinion about whether the children could be returned to her custody. She deferred to the children's therapist, who "kn[ew]

them better." The children's therapist testified, "I believe right now the best placement is . . . where they are right now."

On our de novo review, we conclude the children could not be returned to the mother's custody.

**II.** Termination must serve the children's best interests. *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016). The mother's concessions together with the testimony of the children's therapist establish that termination of the mother's parental rights was in the children's best interests.

**AFFIRMED.**